ANDREW MONTANARO, JR., ET AL. *v.* WILLIAM B. BALCOM ET AL.
(AC 32253)

Gruendel, Beach and West, Js.

Argued October 11—officially released December 13, 2011

*Christopher J. Molyneaux*, with whom, on the brief, was *Norman J. Voog*, for the appellants (plaintiffs).

*Jennifer S. Mullen*, with whom was *Thomas Boyce*, for the appellees (defendant William Richeimer et al.).

*Opinion*

BEACH, J. The plaintiff Andrew Montanaro, Jr.,[1] appeals from the judgment of the trial court granting

---

[1] Andrew Montanaro, Jr.'s wife, Janice Montanaro, also was named as a plaintiff. Her claim of loss of consortium is derivative of her husband's claims. For clarity, we refer to Andrew Montanaro, Jr., as the plaintiff.

a motion for summary judgment in favor of the defendants William Richeimer and Norwich Orthopedic Group, P.C. (Norwich Orthopedic).[2] The plaintiff claims that the court erred in granting the defendants' motion for summary judgment. We affirm the judgment of the trial court.

The record reveals the following facts and procedural history. In 2006, the plaintiff commenced a medical malpractice action against the defendants. In his amended complaint, the plaintiff alleged the following. On or about January 13, 2004, the plaintiff was admitted to William W. Backus Hospital in Norwich under the care of Norwich Orthopedic for the purpose of a revision left knee arthroplasty and related procedures. William B. Balcom, an orthopedic surgeon, performed the surgery and then advised the plaintiff that he was leaving for vacation and that his partner, Richeimer, would provide postoperative care. The plaintiff remained at the hospital. In the approximately two day period following the surgery, he experienced several complications, including a compartment syndrome. Neither Richeimer nor any other physician from Norwich Orthopedic provided any postoperative care to the plaintiff for approximately two days. On January 15, 2004, Richeimer entered the plaintiff's hospital room, noticed that he had developed compartment syndrome in his left lower leg and, as a result, performed emergency surgery on the plaintiff's left leg. The plaintiff alleged that, as a result of the delay in postoperative treatment, he suffered permanent physical injuries and mental anguish.

In March, 2007, the defendants filed requests for admission. The second request stated: "Balcom evaluated the plaintiff's post-operative condition on Wednesday, January 14, 2004 and prepared a progress note in

<hr>

[2] The amended complaint also named William W. Backus Hospital and William B. Balcom as defendants. The count against Balcom was stricken and the count against the hospital was withdrawn. We therefore refer to Richeimer and Norwich Orthopedic as the defendants.

the hospital chart on that date regarding that visit." In response, the plaintiff admitted the statement as fact.

In April, 2009, the defendants filed a motion for summary judgment seeking judgment as to the counts of the complaint made pertaining to them. In their motion, they argued that the plaintiff was *evaluated* by Balcom on January 14, 2004, and, therefore, the plaintiff cannot prove that there was a breach of the standard of care. The motion was accompanied by, inter alia, an excerpt from the deposition of the plaintiff's sole medical expert, Lawrence Shall, in which Shall stated: "The standard of care on a major surgery is to be evaluated while in the hospital on a daily basis . . . ." Also included was an affidavit from Balcom in which he stated: "I examined [the plaintiff] at [William W.] Backus Hospital on Wednesday, January 14, 2004. I wrote a progress note dated January 14, 2004, which reflects my examination of him on that date. . . . At the time of my examination of [the plaintiff] on January 14, 2004, he did not have any signs or symptoms of compartment syndrome in his left lower extremity."

The plaintiff filed an opposition to the defendants' motion for summary judgment. Attached to the opposition was, inter alia, an affidavit from the plaintiff in which he stated that Balcom saw him in the recovery room on January 13, 2004, but that neither Balcom nor any other physician "saw" him on January 14, 2004.

In its memorandum of decision, filed March 17, 2010, the court granted the defendants' motion for summary judgment. The court determined, as the parties had agreed in their briefs and during argument, that the crux of the defendants' motion was whether there was a genuine issue of material fact as to whether Balcom, Richeimer or any other physician from Norwich Orthopedic evaluated the plaintiff in the period of time following a postoperative evaluation by Balcom on January

13, 2004, and prior to the visit made by Richeimer on January 15, 2004. The court noted that in support of their position that Balcom had evaluated the plaintiff on January 14, 2004, the defendants offered Balcom's affidavit in which he attested to such. The court also noted that the plaintiff presented countervailing evidence suggesting that no physician from Norwich Orthopedic, including Balcom or Richeimer, evaluated him until January 15, 2004. The court stated that if this were the only evidence before it, then a genuine issue of material fact would exist. The court noted, however, that the plaintiff's response to the defendants' second request for admission, on which the defendants also rely in their motion for summary judgment, was dispositive. The court concluded that under Practice Book § 13-24, the plaintiff's response " 'conclusively established' " that Balcom evaluated the plaintiff on January 14, and that the plaintiff was precluded from filing affidavits contradicting that admission. In the absence of a motion to withdraw or to modify the admission, the court granted the defendants' motion for summary judgment. This appeal followed.

We begin our analysis with the well established standard of review. "Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law. . . . Our review of the trial court's decision to grant [the defendants'] motion for summary

judgment is plenary. . . . Issues of statutory construction . . . are also matters of law subject to our plenary review." (Citation omitted; internal quotation marks omitted.) *Rodriguez* v. *Testa*, 296 Conn. 1, 6–7, 993 A.2d 955 (2010).

The plaintiff argues that, despite his admission that Balcom "evaluated" his condition on January 14, the court erred in granting the defendants' motion for summary judgment. He apparently claims that the standard of care requires something more than an evaluation, which he argues could occur without a physician actually seeing the plaintiff in person and/or examining him. He argues that affidavits by himself, his wife and an acquaintance, Diane Simpson, tended to show that Balcom never saw him on January 14, 2004, and therefore create a genuine issue of material fact as to that issue. He contends that, as a result, he is entitled to bring this issue before the jury.

The plaintiff's response to the defendants' request for admission that admitted that Balcom "evaluated the plaintiff's post-operative condition on Wednesday, January 14, 2004," is a binding judicial admission. See *East Haven Builders Supply, Inc.* v. *Fanton*, 80 Conn. App. 734, 744, 837 A.2d 866 (2004). Practice Book § 13-24 (a) provides in relevant part: "Any matter admitted under this section is conclusively established unless the judicial authority on motion permits withdrawal or amendment of the admission. . . ."[3] The plaintiff did not file a motion seeking to withdraw or to amend the admission prior to the court's filing of its memorandum of decision on March 17, 2010.

---

[3] The plaintiff argues, however, that under Practice Book § 13-24 (b), he is entitled to explain his admission at trial. Section 13-24 (b) provides in relevant part: "The admission of any matter under this section shall not be deemed to waive any objections to its competency or relevancy. . . ." This subsection is not applicable because the plaintiff is not challenging the competency or relevancy of the admission but, rather, attempts to contradict it.

The plaintiff points to affidavits submitted with his opposition, in which he and others stated that no physician saw him on January 14. Balcom stated in his affidavit that he "examined" the plaintiff on January 14. This potential discrepancy does not matter in light of the expression of the plaintiff's expert of the standard of care and the plaintiff's admission. The plaintiff admitted that Balcom *evaluated* his condition on January 14. In his deposition, Shall[4] stated: "The standard of care on a major surgery is to be *evaluated* while in the hospital on a daily basis . . . ." (Emphasis added.) This statement as to the standard of care was undisputed for the purpose of the motion. There was no further questioning refining the meaning of "evaluate." There is no question of fact whether Balcom *evaluated* the plaintiff on January 14, 2004. The identical vocabulary was used in the recitation of the standard of care and the admission as to Balcom's conduct. Accordingly, the defendants are entitled to judgment as a matter of law, and the court did not err in granting the defendants' motion for summary judgment.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[4] The defendants attached a portion of Shall's deposition transcript to their motion for summary judgment. Because neither party attached the full deposition transcript as an exhibit, we can rely only on the excerpted portion.